UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Jeffery S. Raiford, | ) C/A No. 6:09-0287-HFF-BHH |
| Plaintiff, | ) |
| vs. | ) |
| Greenville County Animal Shelter, | ) Report and Recommendation |
| Defendant. | ) |

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint herein pursuant to the procedural provisions of 28 U.S.C. § 1915. This review has been conducted in light of the following precedents: *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Estelle v. Gamble*, 429 U.S. 97 (1976); *Haines v. Kerner*, 404 U.S. 519 (1972); and *Gordon v. Leeke*, 574 F.2d 1147 (4th Cir. 1978).

The complaint *sub judice* has been filed pursuant to 28 U.S.C. § 1915, which permits an indigent litigant to commence an action in federal court without paying the administrative costs of proceeding with the lawsuit. To protect against possible abuses of this privilege, the statute allows a district court to dismiss the case upon a finding that the action "fails to state a claim on which relief may be granted" or is "frivolous or malicious." § 1915(e)(2)(B)(i), (ii). A finding of frivolity can be made where the complaint "lacks an arguable basis either in law or in fact." *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). Hence, under § 1915(e)(2)(B), a claim based on a meritless legal theory may be dismissed *sua sponte*. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Allison v. Kyle*, 66 F.3d 71 (5th Cir. 1995).

The court may dismiss a claim as "factually frivolous" under § 1915(e) if the facts alleged are clearly baseless. *Denton*, 504 U.S. at 31. In making this determination, the court is not bound to accept without question the truth of the plaintiff's allegations, but rather need only weigh the plaintiff's factual allegations in his favor. *Id.*

This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), holding them to a less stringent standard than those drafted by attorneys, *Hughes v. Rowe*, 449 U.S. 9 (1980) (*per curiam*). Even under this less stringent standard, however, the *pro se* complaint is subject to summary dismissal. The mandated liberal construction afforded to *pro se* pleadings means that if a court can reasonably read the pleadings to state a valid claim on which a plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct the plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## Background

Plaintiff files this action alleging that the Greenville County Animal Shelter (GCAS) "wrongfully killed" his dog. Plaintiff states that his dog got into a fight with another dog on January 17, 2009. Plaintiff was found guilty by a Municipal Judge for the offense of "Animal Running at Large" on January 21, 2009. It appears Plaintiff's dog was placed at the Greenville County Animal Shelter as a result of the dog fight, however, Plaintiff states that he had an Order which protected the dog from any harm until February 2, 2009. On February 1, 2009, Plaintiff received a phone call that his dog had been put to sleep due to a

misunderstanding at the animal shelter.  Plaintiff states he has suffered emotional distress and economic loss as a result of the GCAS's actions and seeks monetary damages.

## Discussion

Although Plaintiff's cause of action is not entirely clear from the pleading, liberally construed, Plaintiff may be alleging that the GCAS has violated his rights under the Due Process Clause of the Fourteenth Amendment.[1]  Thus, Plaintiff could be moving under 42 U.S.C. § 1983, which "'is not itself a source of substantive rights,' but merely provides 'a method for vindicating federal rights elsewhere conferred.'"  *Albright v. Oliver*, 510 U.S. 266, 271 (1994)(quoting *Baker v. McCollan*, 443 U.S. 137, 144, n. 3 (1979)).  A legal action under § 1983 allows "a party who has been deprived of a federal right under the color of state law to seek relief."  *City of Monterey v. Del Monte Dunes at Monterey, Ltd.*, 526 U.S. 687, 707 (1999).  However, negligence claims are not cognizable under § 1983.  *See Daniels v. Williams*, 474 U.S. 327 (1986)(the Due Process Clause is not implicated by the negligent act of a state official which results in an unintended loss of or injury to life, liberty, or property); *Pink v. Lester,* 52 F.3d 73, 75 (4th Cir. 1995).  Plaintiff claims that his dog was put to sleep due to a misunderstanding at the GCAS. (Plaintiff's complaint, statement of claim cont'd, page 4.)  As Plaintiff appears to state that the GCAS's actions were negligent or accidental, any Due Process Clause claim he may be attempting to bring under § 1983 is subject to dismissal.

Additionally, some courts have held that the euthanization of a dog could constitute a Fourth Amendment seizure in certain circumstances.  *See Altman v. City of High Point, North*

---

[1] The Due Process Clause states, in relevant part: "[N]or shall any State deprive any person of life, liberty, or property, without due process of law . . . ."  *See* U.S. Const. amend. XIV, § 1.

*Carolina*, 330 F.3d 194, 203 (4th Cir. 2003)(holding that privately owned dogs are "effects" subject to the protections of the Fourth Amendment); *Van Patten v. City of Binghamton*, 137 F. Supp. 2d 98 (N.D.N.Y. 2001).  But the Fourth Amendment only protects individuals from unreasonable searches and seizures, "not seizures conducted in a 'negligent' manner." *Glasco v. Ballard*, 768 F. Supp. 176, 180 (E.D. Va. 1991)(quoting *Dodd v. City of Norwich*, 827 F.2d 1 (2d Cir. 1987)).  Plaintiff provides no facts to indicate that the seizure of his pet was unreasonable or that his pet's death was the result of anything other than a misunderstanding or accident on the part of the Defendant.  Thus, to the extent Plaintiff may be alleging that the GCAS has violated his rights under the Fourth Amendment, his claim is likewise subject to dismissal.[2]

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case *without prejudice* and without issuance and service of process.  *See United Mine Workers v. Gibbs*, 383 U.S. 715 (1966).  *See also Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  Plaintiff's attention is directed to the important notice on the next page.

February 25, 2009                                                   s/Bruce Howe Hendricks
Greenville, South Carolina                                      United States Magistrate Judge

---

[2] Plaintiff refers to the "Cruelty to Animals Act" in the complaint, but this Act appears to have been repealed.  *See* 45 U.S.C.A. §§ 71 to 74.  Repealed. Pub. L. 103-272, §7(b), July 5, 1994, 108 Stat. 1379.

4

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P. O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).